# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | MISCELLANEOUS NO. 21-00330 LEK-KJM |
| CASE NAME: | State of Hawaii, Dept of Labor and Industrial Relations, Employment Security Appeals Referee's Office vs. Preston Lee |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | DATE: | 09/29/2021 |

COURT ACTION:  EO: COURT ORDER DENYING STATE OF HAWAI`I, DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS, EMPLOYMENT SECURITY APPEALS REFEREES' OFFICE'S MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CIVIL ACTION

On August 30, 2021, Petitioner State of Hawai`i, Department of Labor and Industrial Relations, Employment Security Appeals Referees' Office ("ESARO") filed a Motion to Quash Subpoena to Produce Documents, Information, or Objects in a Civil Action ("Motion to Quash").  [Dkt. no. 1.]  The Court finds the Motion to Quash suitable for disposition without a hearing, pursuant to Local Rule 7.1(c).

Respondent Preston Lee ("Lee") is the plaintiff, and Intervenor L3Harris Technologies, Inc. ("L3") is the defendant, in Lee v. L3Harris Technologies, Inc., CV 20-00489 LEK-KJM ("CV 20-489").  The facts related to the Motion to Quash are straightforward: Lee served a subpoena on ESARO, in connection with the discovery in CV 20-489, seeking the production of "recorded testimony in or the transcript of an unemployment insurance appeal hearing."  [Mem. in Supp. of Motion to Quash at 1.]  Lee argues the materials sought are "critical to Mr. Lee's claims in CV No. 20-489 because it goes to the very central issue in the case: was Mr. Lee terminated because of his disability or did L3 have a substantial and justified basis to legally terminate Mr. Lee."  [Lee's mem. in opp. to Motion to Quash, filed 9/15/21 (dkt. no. 7), at 3-4.]

Upon motion of the party opposing a subpoena, the court "must quash or modify a subpoena that . . . subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iv).  The party seeking to quash a subpoena has the "burden of persuasion."  Travelers Indem. Co. v. Metro. Life Ins. Co., 228 F.R.D. 111, 113 (D. Conn. 2005).  A court must also "quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]"  Rule 45(d)(3)(A)(iii).

Federal Rule of Evidence 501 provides the framework for defining what is

privileged:

> The common law - as interpreted by United States courts in the light of reason and experience - governs a claim of privilege unless any of the following provides otherwise:
>
> - the United States Constitution;
> - a federal statute; or
> - rules prescribed by the Supreme Court.
>
> But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

Fed. R. Evid. 501.

The subpoena was issued in a civil case, but the case involves both federal law claims and state law claims. See CV 20-489, First Amended Complaint, filed 2/11/21 (dkt. no. 20), at ¶¶ 98-118 (describing Counts I and II, brought pursuant to federal law, and Counts III, IV, and V, brought pursuant to state law). As to Lee's claims for which federal law supplies the rule of decision, ESARO's claim of privilege must be examined under the United States Constitution, federal statute, or rules prescribed by the United States Supreme Court. None of these sources is cited as defining the documents and information being sought as privileged. ESARO only cites federal regulations, a manual promulgated by the United States Department of Labor, state statutes, and state administrative materials. Consequently, the Court concludes that ESARO has not shown that a privilege or other protection precludes discovery of the information subpoenaed.

However, ESARO's claim that the information sought contains material protected from disclosure by state law is well supported. A protective order pertaining to the production of the documents and recordings sought will accomplish continued protection of the information unless and until a court rules on the admissibility of the documents and recordings.

For the foregoing reasons, the Motion to Quash is DENIED. ESARO will produce the documents and objects by **October 15, 2021**, pursuant to a protective order. Specifically, Lee shall not permit any copying or viewing or producing of the materials to any person other than his attorney of record or anyone employed by his attorney acting on his behalf in Lee v. L3Harris Technologies, Inc., CV 20-00489 LEK-KJM, (such as a paralegal, investigator or support staff), nor shall he file the material produced, or any part thereof, in any public record or produce such material in open court without first obtaining leave of court (specifically, a court order permitting such use). If Lee files a motion seeking leave to file the material publicly or use it in open court, Lee must serve a copy of the motion on ESARO, and ESARO will be given an opportunity to respond to the motion.

Production of the documents and objects shall be made to Lee through his counsel.

ESARO's counsel and Lee's counsel are DIRECTED to meet and confer regarding the format of the production.  Lee is ORDERED to provide L3, through its counsel, with a copy of all documents and objects that ESARO produces to Lee pursuant to this entering order.  The protective order described in this entering order also applies to L3's use of the documents and objects.  Lee shall provide the copies to L3 within **7 days after ESARO's production to Lee**.

      IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager